## FOSGATE *v.* THOMPSON.

Where the plaintiff is an executor, the defendant will not be admitted as a witness to matters which he claims were not within the knowledge of the testator without other proof that injustice will otherwise be done.

ASSUMPSIT, by Sarah W. Fosgate, executrix of Lockhart Fosgate, to recover the sum of seventy-five dollars which the plaintiff alleges was found due from the defendant to the plaintiff's testate, upon a settlement of their accounts November 13, 1869. The defendant offered himself as a witness to testify to matters which he claimed were not within the knowledge of the plaintiff's testate, and about which he, if living, could

not for that reason testify. But the court refused to permit him to testify, the executrix not having testified; to which ruling the defendant excepted.

*Wheeler & Faulkner* and *Forbes*, for the plaintiff.

*Albee*, for the defendant.

LADD, J. In *Harvey* v. *Hilliard*, 47 N. H. 551, the plaintiff was an executor. The defendant offered himself as a witness, and not only *claimed* that injustice would be done were he excluded, but furnished to the court his own affidavit showing such to be the case, provided the affidavit were believed. The court declined to consider the affidavit, and excluded the witness, and this ruling was sustained. In the present case, the defendant offered himself as a witness to matters which he claimed were not within the knowledge of the testator. This, at the outside, was no more than a claim that injustice would be done were he excluded. So far as the case shows this claim was not supported by any evidence whatever. The case, therefore, comes far within the doctrine of *Harvey* v. *Hilliard*, and the exception

<div align="right">

*Must be overruled.*